# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Naomi CRAIG,<br>365 Silver Street,<br>Marion, Ohio 43302,<br>　　　　　　　Plaintiff, | Case No. _____<br><br>Judge _____ |
| -vs-<br><br>CITY OF MARION, OHIO<br>Care of City Law Director Mark Russell,<br>233 West Center Street,<br>Marion, Ohio 43302,<br>　　　　　　　Defendant, | COMPLAINT<br>1.　Defamation<br>2.　Suppression of Political Speech<br>3.　Assault<br><br><br>JURY DEMAND |
| -and-<br><br>Welcome Bill COLLINS, Mayor<br>CITY OF MARION, OHIO<br>233 West Center Street,<br>Marion, Ohio 43302,<br>　　　　　　　Defendant. | |

Now comes the Plaintiff by counsel and for her cause of action says the following:

## JURISDICTION

This Court has jurisdiction over the subject matter in this case and venue is appropriate in this District as all parties are residents of Marion County, Ohio and the cause of action for Suppression of Political Speech in violation of the First and Fourteenth Amendments to the US Constitution prosecuted as a 42 USC 1983 claim plead herein may be heard in this Court under 28 USC 1331 which states "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Any factually intertwined state tort law cause of action plead herein for assault and defamation is also properly before this Court under the Court's supplemental jurisdiction pursuant to 28 USC 1367 (a).

FACTS

1. Plaintiff is a 45 year old white female resident of Marion County, Ohio.

2. Defendant CITY OF MARION is a municipal corporation located in Marion County, Ohio. It as a body politic is capable of suing and being sued in state court. Ohio RC. 715.01.

3. Defendant Welcome Bill COLLINS, Mayor of the City of Marion, Ohio is being sued in his individual and joint capacity in the alternative. COLLINS (MAYOR) was always acting under color or law at all times relevant in this case and was always aware of the Plaintiff's civil rights and his duty to protect them under the First Amendment to the US Constitution binding on the State of Ohio by the 14th Amendment.

4. On or about May 13, 2024 at a public meeting at Defendant City Hall the Plaintiff rose to speak to the City Counsel during an event called *matters not on the agenda* where she made an accusation that the CITY had engaged in unethical business contract negotiations for a municipal public relations rebranding project including making new City logo designs, wall redecorations, business card reissue, etc. for City offices and vehicles, etc. and the job was awarded to CAR WRAP FACTORY a company owned who Chris ADAMS, who is an associate of Michael BODINE II, the City Service Director. BODINE sold ADAMS a graphic logo that said "love your City" that ADAMS used to sell back to the CITY for a profit which amounts to self-dealing in office.

5. On May 20, 2024 the Plaintiff made the CITY aware at another meeting under *matters not on the agenda* she registered the trade name CAR WRAP FACTORY with the Secretary of State of Ohio and IRS to demonstrate as a form of protest the CITY was doing business with an unregistered business entity.

6. On May 28, 2024 the Defendant MAYOR Welcome Bill COLLINS was present at another meeting under *matters not on the agenda* and made a complaint about improper bidding for a new camera and audio system for use in broadcasting City Hall meetings. Plaintiff claimed the contract was awarded to Jester Studios and Jester is owned by Brian DUSTER, who is also an associate of BODINE II. The cameras were paid for in March and not installed until MAY 2024 and Plaintiff indicated no bids were provided and COLLINS then in effect called the Plaintiff a liar on livestream advising that people (meaning the Plaintiff) are not required to tell the truth in these meetings or words to that effect to suggest falsely she is not credible, bids were taken and awarded to the lowest bidder who as an aside, just happened to be friends with the said service director.

7. The Plaintiff requested BODINE send her a copy of the bids received from CAR WRAP FACTORY for the said project and the bids were acted on weeks after the contract was already awarded to CAR WRAP FACTORY. Plaintiff asked for bids for the Jester project.

        Plaintiff was told only "oral bids" were received and when the Plaintiff asked for the bid makers names, she was ignored.

8. On June 10, 2024 Plaintiff attended another City Hall meeting for matters not on the agenda, and Plaintiff asked Council if anyone noticed that the bids were received well after the work was already performed. The MAYOR stood up while Plaintiff was speaking, said he wanted to clear up her misunderstanding and claimed no one ever told the Plaintiff bids were taken for the said projects when in fact the exact opposite was true. So once more the MAYOR falsely accused the Plaintiff of being dishonest by blaming her for a misunderstanding she in fact did not have.

9. On at least one occasion the MAYOR instructed law enforcement to prevent the Plaintiff from speaking at a City Council meeting and otherwise cut her off at the microphone because he did not like the content of her speech in violation of her right to petition the government for redress of a grievance.

10. On 21 OCT 2024 the MAYOR violated the Plaintiff's personal space from within 2 feet and yelled at her for about a minute falsely screaming she did not have the floor to speak when she was addressing a committee of City Council about the cost of a new night time bus route, in an effort to drown out her complaints and told her he gets too many record requests from her and he has a real job to do. This offensive intimidating behavior constitutes an assault at common law as it placed the Plaintiff in apprehension of an offensive contact with her person by the MAYOR.

11. The Defendant's joint and several conduct, defamed the Plaintiff *per se* and by inuendo. The Plaintiff's status is a private person.

12. The Defendant's joint and several conduct, violated the Plaintiff's right to petition her government for redress of grievances in violation of the First and Fourteenth Amendments while the Defendants were acting under color of law in violation of 42 USC 1983 *et seq*. 42 U.S.C. 1983 states, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * *."

13. The Defendants jointly and severally, have no immunity defense for this lawsuit.

14. As a direct, proximate and foreseeable consequence of the Defendants said conduct, the Plaintiff was damaged by the presumed loss of reputation as an honest citizen, a respectable person and was otherwise damaged by suffering insomnia, anger, depression, fear and anxiety, humiliation and insult.

WHEREFORE, the Plaintiff demands JUDGMENT against the Defendant's jointly and severally in an amount of money in excess of $75,000.00 for compensatory and punitive damages, interest, costs and attorney fees.

## JURY DEMAND

Plaintiff demands a trial by eight jurors.

Respectfully Submitted,

/s/ Michael Terrence Conway, Esq.
Michael T. Conway, Esq.
Ohio Reg. No. 0058413
SD Texas Reg. No. 925875
Michael T. Conway and Company
3456 Sandlewood Dr.
Brunswick, Ohio 44212
(330) 220-7660 (voice-fax)
Xray2Alpha@aol.com